1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL BISHOP,

    Plaintiff,

    v.

UNITED STATES CELLULAR
CORPORATION, a Delaware
corporation,

    Defendant.

NO.  CV-09-5018-RHW

**ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER**

Before the Court is Defendant's Motion for a Protective Order (Ct. Rec. 26).
The motion was heard without oral argument.

Defendant initially filed its Motion for a Protective Order and Plaintiff
objected.  On July 17, 2009, the parties filed notice that they reached an agreement
regarding the proposed protective order (Ct. Rec. 38).

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion for a Protective Order (Ct. Rec. 26) is **GRANTED**.

2.  The following Protective Order is hereby entered:

    1.  The following information and documents, which are not of public
knowledge or in the public domain, produced by any party or obtained in this
action, pursuant to the parties' discovery requests or otherwise, shall be deemed
confidential (such information and documents are collectively referred to herein as
"Confidential Material"):

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER** - 1

1    •    Any personnel information or documents relating to Defendants'

2    current or former employees, not a party to this action; and

3    All such information shall be kept confidential in order to ensure the privacy

4    of such persons current and former USCC employees, not a party to this action.

5    2.  Each document designated as Confidential Material pursuant to this

6    Agreed Protective Order shall be clearly labeled as "Confidential."  Any party

7    disputing the designation of any document as "Confidential Material" pursuant to

8    this Agreed Protective Order must notify counsel for the other party within ten (10)

9    business days of the party's objection.  Counsel for each party must then confer

10   pursuant to Local Rule 37.1(B) in a good faith attempt to resolve their differences.

11   If counsel is unable to reach an agreement regarding the designation, the objecting

12   party may file a motion with the Court for a ruling that the document should not be

13   designated as "Confidential Material" pursuant to this Agreed Protective Order.

14   Unless or until this Court enters an order finding that the document is not

15   "Confidential Material" pursuant to this Agreed Protective Order, the disputed

16   document shall retain its designation of "Confidential Material" pursuant to this

17   Agreed Protective Order and be treated as such.

18   3.  All Confidential Material shall be used only for the purpose of the

19   proceedings in this action and shall not be used in any other lawsuit, claim or cause

20   of action or in any other way unless ordered by a court of competent jurisdiction.

21   Notwithstanding the foregoing, if either party is requested or required (by oral

22   questions, interrogatories, requests for information or documents in legal

23   proceedings, subpoena, civil investigative demand or other similar process) to

24   disclose any Confidential Material, the party receiving the request shall

25   immediately notify by facsimile and certified mail, return receipt requested, the

26   other party of such fact so that the other party may contest such disclosure.  If no

27   objection is made by the other party prior to the due date to the response to the

28   request or if an order is entered by a court of competent jurisdiction ordering

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER** - 2

1   disclosure, then such disclosure may be made.

2        4.   No Confidential Material shall be divulged by either party or their

3   counsel to anyone, except for purposes of this litigation.  All such persons to whom

4   Confidential Material is disclosed shall be shown a copy of this Agreed Protective

5   Order and shall be bound by its terms, except for purposes of a hearing or trial in

6   this action.

7        5.   If a party finds it necessary to file Confidential Material, indices,

8   summaries, abstracts, compilations or copies thereof or information contained

9   therein not of public knowledge or in the public domain, in connection with further

10  proceedings in this action, all Confidential Material contained therein shall be

11  redacted prior to filing.  In the event that a party believes that the Confidential

12  Materials may be relevant to the Court's determination of a particular filing, that

13  party shall file the Confidential Materials with the Clerk of this Court in sealed

14  envelopes identified by the caption of this case and the notation:

15                      SEALED DOCUMENTS PURSUANT TO COURT ORDER

16                          CONTAINS CONFIDENTIAL MATERIAL

17                 TO BE OPENED BY OR ONLY AS DIRECTED BY THE COURT

18       Any member of the public who disputes the sealing of the Confidential

19  Material pursuant to this Agreed Protective Order may file a motion with the Court

20  that the Confidential Material should not be sealed.  Unless or until this Court

21  enters an order finding that the document should not be sealed, the disputed

22  material shall retain its sealed status pursuant to this Agreed Protective Order and

23  be treated as such.

24       6.   Thirty (30) days before trial or upon the filing of the plaintiff's exhibit

25  list, whichever is earlier, defense counsel may contact plaintiff's counsel to learn if

26  plaintiff intends to introduce any Confidential Material as a trial exhibit.  If

27  plaintiff answers in the affirmative, defendant may bring a motion for the sealing

28  of those trial exhibits so identified by plaintiff.  Absent a court order rendering a

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER** - 3

1  trial exhibit sealed, the exhibit shall not be sealed.

2        7.  In the event that any Confidential Material is used in any proceeding

3  herein prior to the trial of the cause, it shall not lose its confidential status through

4  such use and the parties shall take all steps reasonably required to protect against

5  misuse or disclosure of such Confidential Material.

6        8.  (a)  Upon entry of this Order, Confidential Material may be copied

7  and retained by counsel solely for their own use and solely for the purposes of this

8  action.  Confidential Material and its contents shall not be disclosed or made

9  known to any other person or entity without further order of this court, except: (1)

10  to Plaintiff or Defendant to the extent necessary for their attorneys to advise and

11  consult with them for purposes of this action; (2)  to paralegal assistants and

12  clerical personnel employed by Plaintiff's or Defendant's attorneys to the extent

13  necessary for counsel to carry out their respective duties in connection with this

14  action; (3)  to expert witness(es) employed by Plaintiff or Defendant to the extent

15  necessary to prepare and render an opinion in this action; (4) to any person who

16  was privy to that document; (5) to deposition witnesses who shall be instructed

17  prior to and at the conclusion of the deposition that they are required by this

18  Agreed Protective Order to keep Confidential Material and its contents confidential

19  and not disclose Confidential Material or the information contained therein to

20  anyone; (6) to court reporters to facilitate their duties over the course of any

21  deposition; and (7) to this Court (or its employees or agents) pursuant to a court

22  filing in connection with this action.  Persons to whom disclosure is authorized

23  shall be instructed of the contents of this Protective Order and shall not disclose

24  Confidential Material or the information contained therein, directly or indirectly or

25  in any manner whatsoever, to any other person or entity not within the scope of

26  such authorization.

27        (b)  Any party may obtain the return of any previously sealed or

28  previously restricted documents by filing a motion within sixty (60) days after the

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER** - 4

1  case is closed in the District Court.  Any documents that are not so withdrawn will

2  become part of the public case file.  Upon conclusion of this action by judgment or

3  by compromise and settlement, the producing party may send a notice to the

4  opposing party requesting that all Confidential Material and any copies thereof

5  shall be destroyed, and the opposing party's counsel shall destroy said documents

6  within thirty (30) days thereafter and verify the same by electronic mail to counsel

7  for the producing party.

8          (c)  Good cause exists to protect the confidentiality of the Confidential

9  Material, as it will ensure the privacy of personnel information or documents

10  relating to Defendant's current or former employees who are not a party to this

11  action.  Therefore, a Protective Order will be entered setting forth the terms

12  outlined in Paragraphs 1 through 8.

13      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

14  Order and forward copies to counsel.

15      **DATED** this 3rd day of August, 2009.

16                          *S/ Robert H. Whaley*

17                          ROBERT H. WHALEY
                            Senior United States District Judge

18

19

20  Q:\CIVIL\2009\Bishop\grant.pro.wpd

21

22

23

24

25

26

27

28

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER** - 5